In re KLATZL'S ESTATE.

(Surrogate's Court, New York County. January 13, 1914.)

1. HUSBAND AND WIFE (§ 47*)—CONVEYANCES BETWEEN HUSBAND AND WIFE —TENANCY BY THE ENTIRETY.

Under Domestic Relations Law (Consol. Laws, c. 14) § 56, providing that a husband and wife may convey property directly the one to the other without the intervention of a third person, a deed by a husband to himself and his wife as tenants of the entirety made her a tenant of the entirety with him, since, while he could not convey directly to himself, he could carve out and convey to the wife, directly or through a third person, so much of the estate as would make her a tenant by the entirety.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 232– 241; Dec. Dig. § 47.*]

2. HUSBAND AND WIFE (§ 14*)—"TENANCY BY THE ENTIRETY"—INCIDENTS.

The interest of a tenant by the entirety is a right to the entire estate in case of survivorship and to one-half of the rents and profits during the joint lives of the husband and wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71– 86, 88, 89; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, First and Second Series, Entirety.]

3. TAXATION (§ 879*)—INHERITANCE TAX—TRANSFERS TAXABLE.

A wife's right to the entire estate of her husband upon his death, under a conveyance making her a tenant by the entirety with him, was not subject to the transfer tax, where the conveyance was made for a valuable consideration.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Proceeding to assess the transfer tax on the estate of John C. Klatzl, deceased. From an order assessing the tax, the executrices and the state comptroller appeal. Order reversed, and appraiser's report remitted to him for correction.

John Francis O'Neill, of New York City, for estate.
Thomas E. Rush, of New York City, for State Comptroller.

COHALAN, S. The executrices under the last will of the decedent appeal from the order assessing a tax upon his estate, and contend that the appraiser erred in reporting as part of the taxable assets of the estate the value of the premises situated at No. 323 East Seventy-Fifth street, in the borough of Manhattan, city of New York. The decedent died on the 7th day of February, 1913, a resident of this state. Prior to the 16th day of February, 1906, he was the owner in fee of the premises situated at No. 323 East Seventy-Fifth street. On that date he executed a deed conveying the said premises to "John C. Klatzl and Mary Emma Klatzl, his wife, as tenants of the entirety." There was no further conveyance of the premises prior to the death of the decedent. The appraiser ascertained the value of the premises to be the sum of $12,000, and included this amount in the taxable assets of decedent's estate. As the conveyance from the decedent to himself and his wife specifically recites that it was made to them as tenants of

the entirety, there can be no question of the nature or quality of the estate intended to be conveyed to the grantees.

[1-3] The state comptroller contends that the decedent could not create an estate by the entirety in himself and his wife by a conveyance from himself directly. This would be true at common law, but section 56 of the Domestic Relations Law (Consol. Laws, c. 14) provides that a husband and wife may convey to each other as if they were strangers. The decedent, being the owner in fee of the premises, could have carved out and conveyed to his wife so much as was necessary to constitute her a tenant by the entirety with him. If the decedent had conveyed the premises to a third party, and the latter had thereupon conveyed them back to the decedent and his wife as tenants by the entirety, there would be no doubt of the validity of the conveyance, nor would there be any question as to the right of the grantees to take as tenants by the entirety. Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361. Therefore, as the decedent could have created the tenancy in question by using a third party as intermediary, and as such third party would be merely the instrument through which the conveyance would be made, and would have no interest which could increase or diminish the estate conveyed, there would seem to be no practical reason for his intervention. If the estate can be created through an intermediary, it can be created by a conveyance directly from the grantor to the grantees who are to take as tenants by the entirety. Technicalities which merely necessitate a resort to circuitous proceedings without affecting the result should be disregarded.

The decedent, being the owner in fee of the premises, could convey to his wife so much of his estate as would reduce his interest from a fee to a right to one-half of the rents and profits during the joint lives of himself and his wife, and to the whole estate if he survived her. As he could not convey directly to himself, the effect of the conveyance to himself and his wife as tenants of the entirety was to make her a tenant of the entirety with him. Her interest as such tenant by the entirety was a right to the entire estate if she survived him, and to one-half of the rents and profits during their joint lives. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. Upon the death of the decedent, his wife, as survivor, became entitled to the entire estate. As her right was derived from a conveyance made to her for a valuable consideration, it is not subject to the provisions of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245).

The state comptroller also appeals upon the ground that the appraiser failed to include in the taxable assets of the estate the value of the premises situated at No. 45 West Eighty-Third street, in the borough of Manhattan, city of New York. As the papers show that the decedent had disposed of this property prior to his death, the appeal of the state comptroller upon this point is dismissed.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction.